**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **AREZOU SEADET** | : | **DOCKET NO. 2:24-cv-00260** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PENN ENTERTAINMENT INC ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the Court is plaintiff Arezou Seadet's *Unopposed Motion for Leave to File Second Supplemental and Amended Complaint for Damages* ("Motion to Amend"), which seeks to add an additional defendant, KAP Electric, Inc. ("KAP"), to this action. Doc. 37.  As KAP is a non-diverse defendant, granting the motion will destroy diversity jurisdiction. *Id*. at ¶ 10.  The motion indicates all current defendants have no objection to the instant motion [*id*. at ¶ 8], and no opposition has been timely filed, making this matter ripe for resolution.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED** and this matter be **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

### I.
### BACKGROUND

Plaintiff originally filed this action in the 14th Judicial District Court, Calcasieu Parish, Louisiana, on November 27, 2023, requesting relief for injuries she allegedly sustained from being struck by a faulty mechanical gate arm at the L'Auberge Resort and Casino in Lake Charles, Louisiana. Doc. 1, att. 2. Defendants timely removed the matter to this court on February 22, 2024. Doc. 1, p. 1.  Plaintiff now files the instant Motion to Amend, seeking to add KAP as an additional

- 1 -

defendant and update the facts which have developed during discovery. Docs. 37, ¶ 7.  KAP, however, is non-diverse from Plaintiff and would, therefore, destroy this court's subject matter jurisdiction.[1] Doc. 38, ¶ 4.  Notwithstanding this fact, none of the defendants oppose the instant motion [doc. 37, ¶ 8] or its request for remand [doc. 38, p. 3].

## II.
### LAW AND ANALYSIS

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Thus, Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

"If after removal[, however,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  When confronted with such an amendment, the court "should use its discretion in deciding whether to allow that party to be added." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  The court must also consider "the original defendant's interest in the choice of forum" and "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182.  The ultimate question, however, still remains whether "justice requires" the amendment. *Id.*

In exercising its discretion to answer that question, the court is required to "consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.*  The *Hensgens* factors are (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has

---

[1] Plaintiff is domiciled in Louisiana, making her a citizen of Louisiana for diversity purposes. Doc. 12.  KAP Electric, Inc. is a Louisiana corporation with its principal place of business in Louisiana, making it a citizen of Louisiana for diversity purposes. Doc. 38, ¶ 4.

been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted." *Id.*

Plaintiff asserts it discovered KAP's identity during a November 5, 2025, deposition in which defendant L'Auberge Casino Resort Lake Charles ("L'Auberge") testified that the "vehicle barrier gate arm" at issue in this case was selected and installed by KAP. Doc. 37 at ¶ 4. Moreover, Plaintiff asserts that after this deposition, counsel for L'Auberge notified Plaintiff that L'Auberge intends to argue in response to Plaintiff's negligent installation claims that it relied on KAP's expertise in installing the gate. *Id.* at ¶ 5. Considering these facts along with the lack of objection by defendants, the court finds that the *Hensgens* factors weigh in favor of permitting the amendment.

There has been no showing, and the court has found no reason to believe, that the amendment was sought solely to defeat diversity jurisdiction. Further, as Plaintiff was first made aware of KAP's involvement with the "vehicle barrier gate arm" on November 5, 2025, and thereafter of L'Auberge's intent to cast blame on KAP, the instant motion filed on January 28, 2026, was not dilatory and denying Plaintiff the opportunity to pursue KAP in this action could significantly prejudice Plaintiff. Finally, defendants claim no prejudice by the amendment, and, indeed, have no objection to it, such that allowing the amendment would not be inequitable to them. On this record, and taking into account that amendments are favored by the law, the Motion to Amend should be granted.

### III.
#### CONCLUSION

For the reasons stated,

**IT IS HEREBY RECOMMENDED** that Plaintiff's *Unopposed Motion for Leave to File Second Supplemental and Amended Complaint for Damages* [doc. 37] be **GRANTED** and that this civil action be **REMANDED** to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 24th day of February, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**